# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT TEXAS
# DALLAS DIVISION

| | |
|---|---|
| THE DECOR GROUP, INC., a Texas Corporation, | § § § |
| *Plaintiff*, | § § |
| v. | § § § |
| RIVER CITY LIGHTS, INC., an Oregon Corporation; and GENEVIVE DIEHL, an individual. | § § § § § § § § § |
| *Defendants*. | § § § |

Civil Action No. _____

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF AND DETERMINATION OF INTELLECTUAL PROPERTY RIGHTS, CONTRACT RESCISSION, AND CONTRACT REFORMATION**

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

THE DECOR GROUP, INC.'S DECLARATORY RELIEF COMPLAINT AGAINST ROYAL CITY LIGHTS, INC.

1328.GEN

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, The Decor Group, Inc., a Texas corporation ("Plaintiff" or "Decor Group") files this Original Complaint for Declaratory Relief, Injunctive Relief, Declaration of Intellectual Property Rights, and Contract Rescission or Contract Reformation against Defendants River City Lights, Inc., and Genevieve Diehl (collectively "Defendants"). Plaintiff seeks a Declaratory Judgment pursuant to the Federal Declaratory Judgment Act, Title 28, Sections 2201 and 2202 of the United States Code [28 U.S.C. §§ 2201 and 2202.]

## THE PARTIES

1. Plaintiff the Decor Group (at times "TDG") is a Texas based corporation, with its principal place of business located 2301 Crown Ct., Irving, TX 75038. Established in 1996, the Decor Group offers products and services in the holiday decorating and landscape lighting space.

2. On information and belief, defendant River City Lights, Inc., ("RCL") is an Oregon Corporation, with its principal place of business located at 1308 S.W. Dickinson Ln., Portland, Oregon, 97219.

3. On information and belief, defendant Genevieve Diehl ("Diehl") is an individual and a resident of the state of Oregon.

## JURISDICTION AND VENUE

4. The United States District Court has original subject matter jurisdiction over this action pursuant to Title 28, Section 1332 of the United States Code [28 U.S.C. § 1332(a)] based on the diversity of the parties and the amount in controversy.

5. The amount in controversy in this matter exceeds $75,000. The Decor Group seeks a declaratory judgment on the ownership of intellectual property rights affecting the distribution of manufactured goods with production costs valued at over one million dollars ($1,000,000)

6. The United States District Court has supplemental jurisdiction over the state court claims asserted below pursuant to 28 U.S.C. § 1367 because the claims are so related

///

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1328.GEN

1
THE DECOR GROUP, INC.'S DECLARATORY RELIEF COMPLAINT AGAINST ROYAL CITY LIGHTS, INC.

to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. An actual, substantial, continuing, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). The United States District Court has subject matter jurisdiction over The Decor Group's claims relief under the Federal Declaratory Judgment Act. This Court may grant declaratory relief, injunctive relief, expedited relief, and any additional relief available, pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of Federal Rules Civil Procedure.

8. Personal jurisdiction exists generally over each of the Defendants because each Defendant has sufficient minimum contacts with the forum as a result of their residences and because of business conducted within this State and District. Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through affiliates, subsidiaries or intermediaries, transacts business by offering for sale products and services that are used within this District.

9. Venue is proper in the United States District of Northern Texas pursuant to the requirements of 28 U.S.C. § 1391 (b) and (d), because a substantial part of the events or omissions giving rise to the claim occurred in this district and because The Decor Group, Inc. resides in this District.

10. On information and belief, the venue is proper, under 28 U.S.C. §§ 1391 and 1400.

**FACTUAL BACKGROUND**

11. Plaintiff, the Decor Group was established in 1996, and offers a variety of products and services in the holiday decorating and landscape lighting field.

12. Defendant Diehl was employed by Plaintiff as a sales agent from about 2015 through about 2021.

13. In mid-2021, Diehl formed RCL and began discussing a new part-time product development role with The Decor Group which would be in addition to the sales role Diehl had held for the prior 6 years.

14. Towards that end, the parties discussed and agreed to a part time product development/sales position with a compensation arrangement for products developed by the Defendants. The financial details for the agreed upon compensation to RCL (the "Financial Terms") were set forth by Decor Group in an excel sheet and provided to Diehl.

15. In or around January 26, 2022, Diehl sent Blake Smith, the principal of The Decor Group, a unilaterally drafted [Proposed] 'Consulting Agreement' ("PCA") dated February 1, 2022, with proposed terms for product development and compensation between Decor Group and RCL. In addition to the agreed upon Financial Terms, the PCA included terms granting RCL ownership over any intellectual property resulting from product development projects funded by The Decor Group, and granted The Decor Group a license to use the intellectual property during the term of the PCA. (the "IP Terms").

16. Mr. Smith promptly responded the same day and made abundantly clear that the Decor Group was unable to agree to the IP Terms in the PCA, explaining that TDG would be obligated to pay for product development and costs, *and* provide compensation to RCL for its services. Specifically, in his January 26, 2022, email responding to draft of PCA, Mr. Smith unequivocally rejected the IP Terms, stating: "**If we are paying for product development, TDG must own it. We are pretty far apart here**." Mr. Blake authorized payment on the Financial Terms but requested that Diehl to send a revised PCA with the IP Terms removed. Diehl never sent an amended PCA. Nevertheless, The Decor Group began working with Defendants on product development in February 2022 and compensated RCL pursuant to the Financial Terms agreed upon by the parties.

17. On or around July 1, 2022, Diehl contacted Kevin Wilham, then CFO of the Decor Group, to inquire about financial matter and requested a copy of the signed PCA. Mr. Wilham knew of the agreement on the Financial Terms based on the approval of the excel worksheet by Mr. Blake, but mistakenly believed the IP terms were also approved.

18. Unaware Mr. Blake had rejected the IP terms, Mr. Wilham searched but was unable to find the executed version of the PCA. Without authorization and under the mistaken belief The Decor Group had approved the PCA, Mr. Wilham signed the draft of

the PCA with the rejected IP terms and emailed Diehl the scanned copy. Diehl subsequently signed and returned the PCA to Mr. Wilham, requesting that he place a copy in her employee file.

19. During an end-of the year audit, The Decor Group's new CFO discovered the signed PCA and informed Mr. Blake. Surprised, Mr. Blake confronted Ms. Diehl at the earliest opportunity and reminded her that he never agreed to the IP Terms. Ms. Diehl represented that she believed the PCA is a mutually agreed contract. The Decor Group subsequently sent a written correspondence to Ms. Diehl stating its belief the PCA invalid.

20. Defendants, through their counsel, have provided a written response to the Decor Group's letter, asserting Defendant's ownership over any intellectual property and stating the following:

> The Decor Group has elected to terminate the only agreement providing The Decor Group a license to the products and their designs. The Decor Group will be putting River City Lights in a position to be **forced to file for an injunction to prevent the shipment and sale of the products this yea**r, and The Decor Group will have paid and lost its money by placing those orders now. This letter is providing formal notice that by doing so, The Decor Group will be engaging in willful infringement and misconduct.

21. Plaintiff now seeks a Declaration from this Court with respect to the ownership of intellectually property created through product development financed by The Decor Group and an Order granting injunctive relief or expedited hearing on a Declaratory Judgment to prevent Defendants from taking adverse action to stop the lawful sale of products which Décor Group has manufactured or received on order from its client

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of No Intellectual Property Right under the Proposed Contract)

22. Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 15 above.

23. An actual controversy has arisen and now exists between the parties with

respect to the alleged ownership of Intellectual Property rights under the Proposed Contract the Decor Group contends that the Defendants possess no intellectual property rights under the Proposed Contract.

24. Upon information and belief, Plaintiff alleges that Defendants dispute these contentions.

25. The allegations of intellectual property ownership by Defendants have placed a cloud the Decor Group's business (and that of its franchisees and customers) in that the franchisees could decline to carry the products which could be subject to Defendants intellectual property ownership claims. These, in turn, are likely to cause The Decor Group to lose revenues and business opportunities. Defendants actions and assertions, therefore, will likely cause irreparable injury to the Decor Group.

26. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged ownership of intellectual property rights under the Proposed Contract is necessary and appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment for Rescission of the Proposed Contract)

27. The allegations contained in paragraphs 1-20 above are repeated and realleged as if fully set forth herein.

28. An actual controversy has arisen and now exists between the parties with respect to the validity and enforceability of the Proposed Contract.

29. Plaintiff brings this declaratory judgment pursuant to both Federal Rule of Civil Procedure 57 and 28 U.S.C. Sections 2201 and 2202 because an actual dispute exists relating to the interpretation, scope and application of the Proposed Contract.

30. Well established contract law expressly recognizes a party's right to rescind a contract if the consent of the party was given by mistake as to a basic assumption of the contract. Restatement Second of Contracts §153.

31. Defendants were aware that they had reached an agreement with Plaintiff as to the financial aspects of the product development work Defendants were to perform for

The Decor Group, but that Blake Smith, the CEO of The Decor Group and had explicitly and unmistakably rejected the insertion of intellectual property clauses in the agreement.

32. Plaintiff seeks an order from this court rescinding the Alleged Contract and holding that the parties return to their status quo ante.

## THIRD CLAIM FOR RELIEF

### (Reformation)

33. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

34. Plaintiff's CFO signed the Alleged Contract with the understanding that it was based on a product development/sales position by Diehl in exchange for a financial compensation arrangement, which had been agreed upon by both sides.

35. On or about January 26, 2022 Diehl sent Mr. Smith the Proposed Contract, which added an unagreed upon portion dealing with Defendants' ownership of any intellectual property resulting from Defendants product development work.

36. Mr. Smith immediately objected to that portion of the Proposed Contract and made clear that it was a material part of the agreement that the Decor Group could not agree to.

37. The Proposed Contract was subsequently signed by the CFO of The Decor Group, who was aware of Plaintiff's agreement as the financial part of the deal, but not the disagreement which had arisen as to the IP aspects Defendants had added to the Proposed Contract.

38. Despite the mistake, Defendants seek Plaintiff's performance under the Proposed Contract.

39. An actual controversy exists between the parties concerning their respective rights under the Proposed Contract and Plaintiff has no adequate remedy at law. Defendants seek to enforce the Proposed Contract and collect even more money than originally provided under the agreed upon financial arrangement of the Proposed Contact, where in fact the Proposed Contract should be reformed to reflect the purpose and intent

of the parties and hold Cross-Complainant is entitled to judicial reformation of the EFA to reflect the purpose and intent of the parties and hold that Plaintiff is excused from respecting the intellectual property provisions of the Proposed Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaration from the Court as follows:

1. Awarding rescission, reformation declaratory relief as alleged above;

2. Awarding the injunctive relief necessary to ensure that Defendants conduct alleged herein does not continue into the future;

3. For interest on damages recoverable and appropriate consequential and incidental damages as allowed by law; and,

4. For such other and further relief as the Court deems just and proper.

ADLI LAW GROUP, P.C.

Dated: March 10, 2023   */s/ Dariush G. Adli*
Dariush G. Adli
*Attorneys for Plaintiff*
Dariush G. Adli, Esq. (SBN: 204959)
adli@adlilaw.com
ADLI LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 1460
Los Angeles, California 90025
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff
THE DECOR GROUP, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

ADLI LAW GROUP, P.C.

Dated: March 10, 2023   */s/ Dariush G. Adli*
Dariush G. Adli
*Attorneys for Plaintiff*
Dariush G. Adli, Esq. (SBN: 204959)
adli@adlilaw.com
ADLI LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 1460
Los Angeles, California 90025
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff
THE DECOR GROUP, INC.